IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILIP M. KELLY, CHAPTER 7 BANKRUPTCY TRUSTEE IN THE MATTER OF JOHN LOGHRY AND ROBYN LOGHRY, | ) ) ) ) ) | Case No. 7:04CV5017 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| STEVE FRANCISCO and STARSEARCH INTERNATIONAL, LLC, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| LEXXUS INTERNATIONAL, INC.[1], | ) ) | |
| Interested Party. | ) ) | |
| PHILIP M. KELLY, CHAPTER 7 BANKRUPTCY TRUSTEE IN THE MATTER OF JOHN LOGHRY AND ROBYN LOGHRY, | ) ) ) ) ) | Case No. 4:05CV3201 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LEXXUS INTERNATIONAL, INC., NATURAL HEALTH TRENDS CORP., TERRY LACORE, LISA GROSSMAN, CURTIS BROOME, and MARK WOODBURN, | ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

---

[1] The Clerk's Office apparently added Lexxus International, Inc., when it filed a response to subpoena and motion to quash (filing 28) on February 22, 2005.

These cases involve the alleged termination of a "Lexxus" distributorship and claims that flow therefrom. Having considered the pending motions (including the evidentiary submissions) and recognizing (without the assistance of plaintiff's counsel[2]) that the above-captioned Nebraska cases appear related to each other and also appear to be related to a case pending in the United States District Court for the Northern District of Texas,[3]

IT IS ORDERED that:

1.  Regarding <u>Phillip M. Kelly, Chapter 7 Bankruptcy Trustee in the Matter of John Loghry and Robyn Loghry v. Lexxus International, Inc., Natural Health Trends Corp, Terry Lacore, Lisa Grossmann, Curtis Broome, and Mark Woodburn</u>, 4:05CR3201, in the District of Nebraska,

    A.  The motion to dismiss submitted by the defendants (filing 20, part 1), the motion to stay submitted by the plaintiff and for jurisdictional discovery (filing 35), and the motion to extend time submitted by the defendants (filing 36) are denied without prejudice.

    B.  The defendants' alternative motion to transfer (filing 20, part 2) is set for oral argument before the undersigned on <u>Monday, January 30, 2006, at 9:00 AM</u> (for a total of 3 hours) in Courtroom Number One, Lincoln, Nebraska. That hearing is consolidated with a related hearing in <u>Kelly v. Francisco and Starsearch International, LLC</u>, 7:04CV5017, in the District of Nebraska. At that time, the court will also consider whether the Nebraska cases should be consolidated for progression or trial.

---

[2] I am perplexed and slightly annoyed that counsel for the plaintiff did not notify me of the related nature of these Nebraska cases. <u>See</u> NEGenR 1.4(a)(4).

[3] That case, appearing at 3:04CV1039 on the electronic docket of the Northern District of Texas, involves Lexxus International, Inc., Natural Health Trends Corp., John Loghry, Terry Lacore, Mark Woodburn, and Lisa Grossman. Note that the plaintiff in these Nebraska cases is the Bankruptcy Trustee for John Loghry and Robyn Loghry. Like these cases, the Texas case also involves the alleged termination of a "Lexxus" distributorship owned by John Loghry. According to the electronic docket sheet, the Texas case is set for a pretrial conference on June 1, 2006. (See Filing 73.)

C. Pursuant to defense counsels' notice that they may have a conflict of interest (see filing 36), the defendants, and each of them, are given 30 days from this date to retain new counsel. New defense counsel shall enter their appearance within 30 days of this date. Failure to comply with this order may result in sanctions being imposed on defendants and their counsel up to and including the entry of judgment in favor of the plaintiff. Defense counsel who presently represent the defendants are not granted leave to withdraw and will not be granted leave to withdraw until new counsel have entered their appearance and a motion to withdraw has been granted.

2. Regarding Phillip M. Kelly, Chapter 7 Bankruptcy Trustee in the Matter of John Loghry and Robyn Loghry v. Steve Francisco and Starsearch International, LLC, 7:04CV5017, in the District of Nebraska,

A. The defendants' motion to dismiss[4] and alternative motion to transfer (filing 53) is set for oral argument before the undersigned on Monday, January 30, 2006, at 9:00 AM (for a total of 3 hours) in Courtroom Number One, Lincoln, Nebraska. That hearing is consolidated with a related hearing in Kelly v. Lexxus International, Inc., Natural Health Trends Corp, Terry Lacore, Lisa Grossmann, Curtis Broome, and Mark Woodburn, 4:05CR3201. At that time, the court will also consider whether the Nebraska cases should be consolidated for progression or trial.

B. To prepare for the aforementioned hearing, and particularly regarding the question of personal jurisdiction and venue, counsel for the plaintiff and counsel for the defendants shall personally meet and confer. As a part of that meeting, they shall stipulate to each and every undisputed fact (whether or not deemed relevant and material by the opposition) that I may consider when deciding whether to grant the motion to dismiss or the

---

[4]In the face of dueling evidentiary submissions, and under Rule 12(b)(2), Rule 12(b)(3), and 28 U.S.C. § 1406(a), this motion raises personal jurisdiction, venue, and transfer issues. Under Rule 12(b)(6), this motion also raises the question of whether the plaintiff's civil conspiracy count states a claim upon which relief can be granted.

alternative motion to transfer.[5] The stipulation should cite to the evidentiary materials submitted to the court. This "in-person" meeting and conference shall take place on or before Wednesday, January 25, 2006. Counsel shall file the stipulation and provide me with a copy on or before 5:00 PM on January 27, 2006.

3. Regarding the Texas case, I shall notify Judge Sam A. Lindsay, the federal judge assigned to the case in Texas, of the existence of these Nebraska cases, the fact that they may be related to the Texas case, and the entry of this memorandum and order. I will provide counsel in these Nebraska cases with a copy of my letter to Judge Lindsay.

4. I request that Magistrate Judge Piester consult me before taking any further action in these Nebraska cases. My chambers will provide him with a copy of this memorandum and order.

5. Despite the fact that I have used a joint caption for this memorandum and order, and unless otherwise directed or permitted, counsel shall file all pleadings using the single caption appropriate to their individual cases.

December 15, 2005.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge

---

[5]*A caution to counsel:* Do not play games with me or your opposition when drafting this stipulation. Identify the facts (including the absence of facts) which are not in dispute, and cite to the evidentiary materials.

4